UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELA WATKINS

CIVIL ACTION

VERSUS

NUMBER 06-529-JVP-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 1, 2007.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELA WATKINS

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY

CIVIL ACTION

NUMBER 06-529-JVP-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Angela Watkins brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her application and claim for supplemental security income (SSI) benefits.

Plaintiff was 31 years of age at the time of the administrative law judge's (ALJ) decision. AR pp. 55, 174. She attended school until the ninth grade, and at the time of the administrative hearing was attending classes to prepare for completion of the tests necessary to obtain her GED diploma.[1] AR pp. 77, 174-75. Plaintiff was previously employed as a janitor and personal care attendant. AR pp. 72, 80-83, 175-76. Plaintiff filed an application for SSI benefits in December 2002 claiming that she has been disabled and unable to engage in substantial gainful activity since October 2002. AR pp. 55-71. Plaintiff

---

[1] Under the regulations the plaintiff was classified as a younger person, and had a limited level of education. 20 C.F.R. § 416.963(c), and § 416.964(b)(3).

claimed that she is no longer able to work because of back and knee pain, left shoulder pain, migraine headaches, high blood pressure, depression and obesity.  AR pp. 71, 182-83.

Plaintiff's application for SSI benefits was denied and the plaintiff filed a request for a hearing before an administrative law judge (ALJ).  AR pp. 33-39.  The ALJ held an administrative hearing on January 5, 2006.  AR pp. 169-89.  After the hearing the ALJ issued a decision on March 24, 2005.  AR pp. 21-27.  The ALJ concluded at step two that the plaintiff had a combination of severe impairments - obesity and myofascial pain syndrome.[2]  AR pp. 22, 26.  At step three the ALJ found that the record did not contain medical findings that satisfied the criteria of any listed impairment.[3]

The ALJ evaluated the plaintiff's residual functional capacity in order to assess whether the plaintiff was able to do any of her past relevant work, or make an adjustment to other work that exists

---

[2] The records reflect that the plaintiff was 62 or 63 inches tall and that her weight was over 350 pounds.  The highest weight reported was 415 pounds on August 11, 2004.  AR pp. 70, 111, 115, 118, 155, 156.
   The ALJ found that the plaintiff's depression was not severe within the meaning of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).  AR pp. 22, 140-53.  Plaintiff did not contest this finding.

[3] Plaintiff did not claim that the ALJ erred in his finding that her impairments did not satisfy the criteria of any listed impairment.  Record document number 9, Plaintiff's Memorandum in Support, p. 4.

in the national economy.[4]  The ALJ found that the plaintiff's residual functional capacity was limited to lifting and/or carrying no more than 50 pounds occasionally, 25 pounds frequently; standing and/or walking no more than 2 hours in an 8 hour day; sitting no more than 6 hours in an 8 hour day; the ability to alternate between sitting and standing on a periodic basis; no limitations on pushing or pulling other than those listed under lifting and/or carrying; occasional climbing ramps and stairs; never climbing a ladder, rope, or scaffold; and occasional stooping, crouching and crawling.  AR pp. 25-26.  With this residual functional capacity the plaintiff could not do any of her past work.

However, based on the hearing testimony of the vocational expert, Douglas Kuylen, the ALJ concluded at step five that the plaintiff was not disabled.  Kuylen testified that considering the residual functional capacity determined by the ALJ, and the plaintiff's age, education and work experience, the plaintiff would be able to do numerous sedentary occupations that exist in significant numbers in the national economy - records clerk, bookkeeping/audit clerk, payroll/time keeper, dispatcher and

---

[4] The residual functional capacity determination is the foundation of steps four and five of the sequential disability evaluation process.  20 C.F.R. § 416.920(e).  Neither side disputes the finding at step four that the plaintiff did not have the residual functional capacity to do any of her past relevant work.  AR pp. 25-26.

3

general office clerk.[5]  AR pp. 26-27, 185-87.  Plaintiff appealed the ALJ's decision to the Appeals Council, and the Council denied the plaintiff's request for review.  AR pp. 7-10.

## Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries:  (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards.[6]  *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere

---

[5] A vocational expert is knowledgeable about the specific requirements of a particular occupation, including working conditions and the skills needed.  Along with this information, the vocational expert considers the facts particular to the claimant - age, education, work history and residual functional capacity - in addressing the issue of other work the claimant can perform.  *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000).

[6] It is well-established that in cases brought under § 405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for SSI

5

benefits.  20 C.F.R. § 416.920.  In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment(s), (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work.  *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps.  If the claimant shows at step four that she is no longer capable of performing her past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy.  *Myers*, *supra*.  If the Commissioner meets this burden the claimant must then show that she cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

### Analysis

Plaintiff argued that the ALJ committed several errors which require reversal of the Commissioner's decision.  Plaintiff contended that the evidence shows her severe impairments prevent her from performing sedentary work on a daily basis, and that her subjective complaints of pain and limitation are credible.  Plaintiff asserted that the ALJ also failed to properly evaluate

her impairments in combination.

A review of the administrative record as a whole establishes that the plaintiff's claims of error are unsupported.

It is apparent from the ALJ's decision that the ALJ found the plaintiff had a combination of impairments that are severe and considered these impairments throughout the sequential evaluation process.  AR pp. 22-26.  As determined by the ALJ, these severe impairments - obesity and myofascial pain - limit the plaintiff's ability to perform work-related activities.[7]  Despite these impairments and limitations, substantial evidence supports the ALJ's conclusion at the fifth step that the plaintiff has the residual functional capacity to perform other work that exists in significant numbers in the national economy.

The evidence is found in the plaintiff's statements of her daily activities and the medical evidence and reports contained in the record.  At the administrative hearing the plaintiff testified that she is able to attend school and therapy a total of five days a week for four hours in the morning. AR p. 178.  Plaintiff is also

---

[7] Effective October 25, 1999, obesity was deleted as a listed impairment.  *Wooten v. Apfel*, 108 F.Supp.2d 921, 924 (E.D. Tenn. 2000); *Allen v. Apfel*, 2001 WL 253120 (E.D. La., Mar. 14, 2001). However, the Social Security regulations require that obesity and its effects be considered in determining whether a claimant meets the listings related to the musculoskeletal, respiratory and cardiovascular systems, and considered in combination with other impairments throughout the sequential disability analysis.  *See*, Listing 1.00.Q.; listing 3.00.I.; listing 4.00.F; SSR 02-01p, "Evaluation of Obesity", 2000 WL 628049 (S.S.A. Sept. 12, 2002).

able to accomplish some household chores and shopping.  AR pp. 93-94, 178-79.  Plaintiff testified that she is in rehabilitation counseling for additional education in computers and clerical work for the purpose of helping her find a suitable job.  AR p. 176.

A medical expert, Dr. Leon Weisberg, also testified at the administrative hearing.  Dr. Weisberg stated that the plaintiff's obesity and myofascial pain syndrome would cause marked difficulty in standing, squatting, kneeling, bending or lifting.  He limited the plaintiff to standing and/or walking less than two hours out of an eight hour day.  Dr. Weisberg also testified that the plaintiff would have a lot of difficulty climbing ramps and stairs, and would need to alternate sitting and standing.  The ALJ accepted these opinions and included them in his determination of the plaintiff's residual functional capacity.

Additional evidence in the record supporting the ALJ's conclusions is found in the February 2003 report of orthopedic surgeon Dr. Alan C. Farries.  Dr. Farries report shows that the plaintiff's physical examination was essentially normal.  Dr. Farries noted the plaintiff's morbid obesity and complaints of lower back and left knee pain, and stated that a great deal of the problems were related to the obesity.  He concluded that the plaintiff was not totally physically impaired due to obesity and would probably be able to do sedentary work as long as it did not require a great deal of bending and lifting.  The ALJ accepted Dr.

Farries' opinions and, with the exception of the ability to lift and carry, the ALJ limited the plaintiff to sedentary work, with occasional stooping, crouching and crawling, but no climbing ladders, ropes or scaffolds.  AR pp. 26, 118-19.

The non-examining medical consultants concluded that the plaintiff generally had a residual functional capacity for medium level work.  However, in light of the plaintiff's testimony, the report of Dr. Farries and testimony of Dr. Weisberg, the ALJ only partially credited this evidence by finding that the plaintiff could occasionally lift and carry up to 50 pounds, and frequently lift and carry up to 25 pounds.  AR pp. 26, 124-39.

The only test results in the record showing a condition that would support the plaintiff's complaints was the October 2002 knee x-rays that revealed degenerative bone spurring in both knees, and slightly more extensive in the left knee.  AR p. 117.

The above cited evidence is more than sufficient to show that substantial evidence supports the ALJ's finding that the plaintiff's subjective complaints were not entirely consistent with the underlying evidence and not fully credible.[8]  Similarly, this

---

[8] It is within the discretion of the ALJ to weigh the evidence and determine the disabling nature of pain.  His determinations are entitled to deference, as long as his findings are supported by substantial evidence.  Under the jurisprudence the ALJ must consider a claimant's subjective complaints, but may find that those complaints are not credible or are exaggerated in light of the objective medical evidence of record. The ALJ is not required to give subjective evidence precedence over objective evidence.
(continued...)

evidence constitutes substantial evidence to support the ALJ's finding with regard to the plaintiff's residual functional capacity.

After evaluating the plaintiff's residual functional capacity the ALJ correctly turned to the evidence from the vocational expert to determine whether the plaintiff could do her past work or any other work.[9]   AR pp. 25-27.  As evident from the plaintiff's residual functional capacity, the plaintiff's severe impairments resulted in some nonexertional limitations.  Therefore, after determining that the plaintiff was not able to do any of her past work, the ALJ was required to obtain vocational expert evidence in order to support the disability determination at the fifth and final step of the analysis.[10]   In response to the questions

---

[8](...continued)
*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

[9] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications. It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy.  20 C.F.R. § 416.966(a)-(c).

[10] It is well established that if a claimant has nonexertional limitations the ALJ is required to obtain vocational expert testimony to support the findings at step five.  *Bowling v.*
(continued...)

presented at the hearing, which fairly incorporated all of the plaintiff's limitations as determined by the ALJ, the vocational expert stated that there were numerous occupations existing in significant numbers in the national economy that the plaintiff would be able to perform - dispatcher and numerous entry level clerk/clerical occupations (records, bookkeeping, accounting and auditing, payroll and time keeping, and general office). AR pp. 26-27, 186-88. This vocational evidence constitutes substantial evidence to support the ALJ's finding at the fifth step that the plaintiff is not disabled within the meaning of the Social Security Act.

On judicial review it is not necessary that all of the evidence support the ALJ's conclusions. Nor does the existence of evidence in the record that supports the claimant's position require reversal of the Commissioner's decision. As long as there is substantial evidence to support the Commissioner's decision it

---

[10](...continued)
*Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). Under *Bowling* the hypothetical question posed to the expert must incorporate reasonably all the impairments and limitations of the claimant recognized by the ALJ, and the claimant or his representative must be given the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting any purported defects in the question. The impairments and limitations of the claimant recognized by the ALJ and included in his question must be supported by the evidence. *Bowling*, 36 F.3d at 436; *Boyd*, 239 F.3d at 707; *Carey*, 230 F.3d at 145; *Masterson*, 309 F.3d at 273. The record reflects that the plaintiff's attorney was given a full opportunity to question the expert at the administrative hearing. AR pp. 187-88.

must be affirmed.[11]  A review of the record demonstrates that substantial evidence supports the Commissioner's decision in this case and that the correct legal standards were applied.  The final decision of the Commissioner should be affirmed.

### Recommendation

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g) the final decision of the Commissioner of Social Security denying the claim of Angela Watkins for supplemental security income (SSI) benefits be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, August 1, 2007.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] § 405(g); *see*, *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palomino v. Barnhart,* 2007 WL 1858719 *4 (W.D. Tex. June 26, 2007), citing, *Chambliss*, *supra* (when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact on her ability to work, Commissioner's decision upheld as long as there is substantial evidence to support it).